**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Elzie Roosevelt ROBERTS, Jr.,**
**also known as Elzie Roosevelt**
**Roberts, Defendant–Appellant.**

**No. 05–51301**
**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

July 12, 2006.

---

Joseph H. Gay, Jr., Assistant U.S. Attorney, U.S. Attorney's Office, Western District of Texas, San Antonio, TX, for Plaintiff–Appellee.

Samuel L. Martinez, Waco, TX, for Defendant–Appellant.

Before JOLLY, DAVIS, and OWEN, Circuit Judges.

PER CURIAM: *

Elzie Roosevelt Roberts, Jr., appeals his conviction by a jury of two counts of possession of an unregistered firearm in violation of the National Firearms Act, specifically 26 U.S.C. §§ 5845(a), 5861(d), and 5871. The district court sentenced Roberts to concurrent terms of 100 months of imprisonment and concurrent terms of three years of supervised release.

■ Roberts argues that the evidence was insufficient to prove that he knew of the characteristics of the sawed-off shotgun that prohibit its possession under § 5861(d). Because Roberts failed to move for a judgment of acquittal, his sufficiency challenge is reviewed only for a manifest miscarriage of justice. *United States v. Avants,* 367 F.3d 433, 449 (5th Cir.2004). Such a miscarriage of justice occurs when the record is "devoid of evidence of guilt or the evidence [is] so tenuous that a conviction is shocking." *Id.*

■ The Government was required to prove that Roberts knew of the features of the weapon that made it a "firearm" under § 5845(a), specifically, that it was a shotgun having an overall length of less than 26 inches or a barrel of less than 18 inches in length. *Staples v. United States,* 511 U.S. 600, 619–20, 114 S.Ct. 1793, 128 L.Ed.2d 608 (1994); *United States v. Reyna,* 130 F.3d 104, 109–10 (5th Cir.1997); § 5845(a). The shotgun was admitted into evidence and could be inspected by the jury. Its barrel was 10–1/2 inches long and its overall length was only 17 inches. Such characteristics are readily apparent and externally visible.

The record is not devoid of evidence of Roberts's guilt. Roberts's conviction does not constitute a manifest miscarriage of justice. *See Staples,* 511 U.S. at 616 n. 11, 114 S.Ct. 1793; *Reyna,* 130 F.3d at 109 n. 6; *Avants,* 367 F.3d at 449.

---

Accordingly, the judgment of the district court is AFFIRMED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.